**UNITED STATES DISTRICT COURT**

DISTRICT OF NEW JERSEY

(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>UNITED STATES DISTRICT JUDGE | Clarkson S. Fisher Federal Building<br>& U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

**LETTER ORDER**

January 3, 2012

Thomas I. Gage
*Pro Se* Plaintiff
51 Hillcrest Boulevard
Warren, New Jersey 07059

Brian P. Wilson, Esq.
State of New Jersey
Office of the Attorney General, Division of Law
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625

      RE:    **Gage v. Hon. Mary C. Jacobson, J.S.C.**
               **Civ. Action No.: 11-6271 (FLW)**

Dear Litigants:

      In the instant matter, defendant, Hon. Mary C. Jacobson, J.S.C. ("Judge Jacobson" or "Defendant"), moves to dismiss Plaintiff Thomas Gage's ("Plaintiff") Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Among the various bases, Judge Jacobson contends that she is entitled to absolute judicial immunity for the claims asserted against her by Plaintiff. In response to the motion, Plaintiff moves for summary judgment and he seeks, *inter alia*, money damages and an order to set aside all state foreclosure orders entered against him.

      As a brief factual background, a state foreclosure action was initiated by defendant Wells Fargo Bank against Plaintiff's property. Plaintiff did not file an answer to the foreclosure action and was not present for any proceedings. Accordingly, by default, a final judgment of foreclosure and writ of possession was entered, on which Judge Jacobson's name and signature appeared. Subsequently, Plaintiff filed suit in this Court, *Gage v. Wells Fargo Bank, et al.*, Civil Action No. 11-862 (FLW), alleging that the foreclosure order should be vacated. Pursuant to the *Rooker-Feldman* doctrine, the Court dismissed the claims against Wells Fargo Bank by finding that the final judgment entered by Judge Jacobson is not subject to review by this Court. Following that decision, Plaintiff brings the instant action against Judge Jacobson, in her official capacity as a state

court judge, alleging that Judge Jacobson committed negligence and criminal actions when she entered the final foreclosure judgment.

Clearly, Judge Jacobson is entitled to the protections afforded to her under the doctrine of judicial immunity. It is beyond cavil that a judicial officer in the performance of her duties has absolute immunity from suit and will not be liable for money damages for her judicial acts. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *see Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority . . . .'" *Stump v. Sparkman*, 435 U.S. 349, 356-57,(1978); *see also Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). A litigant may overcome the immunity only in two circumstances: first, a judge receives no immunity for acts performed outside of her judicial capacity. *Waco*, 502 U.S. at 11. Next, a judge is not immune from liability for actions that "though judicial in nature, [are] taken in the complete absence of all jurisdiction." Id. at 12. Immunity extends to all federal and state judges regardless of whether they exercise general or limited jurisdiction. *See Figueroa*, 208 F.3d at 443-44.

Even if Plaintiff is seeking equitable relief, *e.g.*, injunctive relief, such relief is also barred by judicial immunity. Although the Supreme Court has held that a cause of action for injunctive relief may be maintained against judicial officers or the federal government, *see Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), immunity principles still apply, and, except in very limited circumstances, judges are immune from suits for injunctive relief. *See Rush v. Wiseman,* 2010 U.S. Dist. LEXIS 41087, at *30 (E.D. Pa. Apr. 27, 2010); *Klein v. U.S. Bank*, 2010 U.S. Dist. LEXIS 128328, at *40-41 (M.D. Pa. Nov. 15, 2010). In 1996, Congress amended 42 U.S.C, § 1983 to provide that "injunctive relief shall not be granted" in an action brought against a judicial official for an act or omission taken in such officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) (citing 42 U.S.C § 1983); *see also* 42 U.S.C. § 1983 (abrogating in part *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (which held that judicial immunity is not a bar to prospective injunctive relief against a judge acting in his or her judicial capacity)).

Plaintiff instituted this action seeking monetary damages and injunctive relief against Judge Jacobson for grave emotional hardship due to her alleged negligent, tortious and criminal actions. Plaintiff seeks monetary relief of $10,000,000.00 and an order returning the re-possessed property and deed to the property. Based on the above cited case law and the doctrine of judicial immunity, Judge Jacobson is clearly immune from any claims against her for monetary damages. Additionally, Plaintiff has failed to allege in his Complaint that Judge Jacobson has violated any declaratory decree, and therefore, injunctive relief is not appropriate. As previously stated, this Court has held, pursuant to the *Rooker-Feldman* doctrine, any final judgment entered by a state court is not subject to review by this Court. Accordingly, Plaintiff's request to vacate any state court orders signed by Judge Jacobson is denied.

Judge Jacobson's motion to dismiss Plaintiff's Complaint is hereby granted and Plaintiff's motion for summary judgment is hereby denied. Since Judge Jacobson is the only defendant in this case, the Clerk's Office is directed to close this case.

**SO ORDERED.**

Very truly yours,

　/s/ Freda L. Wolfson　
FREDA L. WOLFSON
United States District Judge